UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DERRY THOMAS,**<br><br>Petitioner,<br><br>vs.<br><br>**JAMES SCHIEBNER,**<br><br>Respondent. | 2:22-CV-11941-TGB-APP<br><br>**ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(B)(3)(A) AND DENYING WITHOUT PREJUDICE THE MOTION TO HOLD THE PETITION IN ABEYANCE** |

Derry Thomas, a prisoner confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because the Court concludes that the present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that Petitioner may seek permission to proceed.

## I. INTRODUCTION

In his *pro se* application, Petitioner challenges his 1989 convictions in Detroit Recorder's Court[1] for first-degree premeditated

---

[1] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v.*

murder, first-degree felony murder, assault with intent to commit murder, armed robbery, and felony-firearm. Pet., ECF No.1.

In 2001, Petitioner first filed a habeas petition challenging his conviction, but that original petition was dismissed on the ground that it was barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Thomas v. Smith*, No. 01-CV-70661 (E.D. Mich. Sept. 5, 2001); *appeal dismissed*, No. 01-2285 (6th Cir. Apr. 4, 2002).

Since then, Petitioner has filed several other habeas petitions, but as to each of these, he was denied permission to file a second or successive habeas petition by the United States Court of Appeals for the Sixth Circuit. *In re Thomas*, No. 05-1731 (6th Cir. Nov. 2, 2005); *In re Thomas*, No. 06-1933 (6th Cir. Dec. 13, 2006); *In re Thomas*, No. 09-1476 (6th Cir. Jan. 11, 2010); *In re Thomas*, No. 17-1523 (6th Cir. Dec. 11, 2017); *In re Thomas*, No. 18-1070 (6th Cir. Apr. 3, 2018). Petitioner again seeks habeas relief from his conviction.

## II. LEGAL STANDARD

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in

---

*Jackson*, 295 F. Supp. 2d 767, 769 n.1 (E.D. Mich. 2003) (citing *Anthony v. Michigan*, 35 F. Supp. 2d 989, 996–97 (E.D. Mich. 1999)).

the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

## III. DISCUSSION

As stated, Petitioner's previous habeas petition challenged his 1989 convictions, but the petition was dismissed because it was filed after the statute of limitations had expired. That dismissal based on Petitioner's failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders the current petition "second or successive" for the purposes of § 2244(b). *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (per curiam); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam); *cf. In re*

3

*Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000) (holding that after the petitioner's first habeas application was dismissed for procedural default based on failure to exhaust state remedies and the statute of limitations had run on those remedies, the dismissal was "on the merits," and the petitioner's later habeas application was "second or successive," for purposes of § 2244(b)).

Petitioner claims that his current petition is not a successive petition within the meaning of § 2244(b) because he only discovered the factual predicate of his claims in 2019 and 2022 respectively. A habeas petition is not considered second or successive when it raises a claim that was unripe for review when the first habeas petition was filed. *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017). However, a claim raised in a successive petition is only considered unripe if the events or factual predicate underlying the new claim had not occurred when the original petition was filed. *See In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010).

Petitioner's current claims were not unripe at the time he filed his original petition back in 2001 because the predicates underlying these claims, that counsel was ineffective and that witnesses had committed perjury at his trial, had already occurred when he filed his first petition, even though Petitioner may have been unaware of the facts underlying these claims at the time he filed his first petition. *See In re Wogenstahl*, 902 F.3d 621, 627–28 (6th Cir. 2018). Petitioner's new claims fall "within the scenario contemplated by § 2244(b)(2)(B)." *Id.* at 628. Petitioner seeks

4

to bring claims he did not raise in his first petition based on facts that existed at the time he filed his original petition but which he only recently discovered. *Id*. The current petition "is both second-in-time and second or successive, and [Petitioner] must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B)." *Id*.

Petitioner has also moved to hold the petition in abeyance while he exhausts his claims in the state courts. A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell*, 392 F. 3d 822, 833 (6th Cir. 2004). In the absence of authorization from the Sixth Circuit, this Court lacks jurisdiction to stay the case and hold it in abeyance pending the exhaustion of Petitioner's claims in the state courts.

## IV. CONCLUSION

Petitioner's current habeas petition is successive. The Clerk of Court is ordered to transfer the current petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso*, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009). The Court also lacks jurisdiction to stay the case and hold it in abeyance without express authorization from the Sixth Circuit.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The Clerk of the Court shall transfer the case to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

(2) The motion to hold the petition in abeyance (ECF No. 2) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date: September 13, 2022

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on September 13, 2022.

s/A. Chubb<br>Case Manager